**DANIEL BONNETT #014127**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shanissa Romero, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| Check Into Cash, Inc., a Delaware corporation and Check Into Cash of Arizona, Inc., an Arizona corporation, | ) |
| Defendants. | ) |

      This is an action for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Pregnancy Discrimination Act of 1978 and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*

**JURISDICTION AND VENUE**

      1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.  Specifically, this action is brought under 29 U.S.C. §§ 206(d) & 2617(a) and 42 U.S.C. §§ 2000e(k) & 2000e-5(f).

      2.    This Court has personal jurisdiction over Defendants. Defendants are located in Arizona, regularly transact business in Arizona and/or have significant and continuous contact with Arizona.

      3.    Venue is proper under 28 U.S.C. § 1391(b). All of the acts and/or omissions giving rise to the claims occurred in this District.

4. Plaintiff has exhausted her administrative remedies with regard to her Title VII claims by virtue having timely filed a charge(s) of discrimination with the United States Equal Employment Opportunity Commission and commencing this action within ninety days of receipt of her Notice of Right to Sue.

**PARTIES**

5. Plaintiff, Shanissa Romero, is a resident of Arizona. Plaintiff worked for Defendant, Check Into Cash of Arizona, Inc. between Mayy 2011 and March 4, 2016 when she was involuntarily terminated from her employment. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2), and 42 U.S.C. § 2000e(f).

6. At all times relevant, Defendant, Check Into Cash, Inc., ("CIC") is and was a Delaware corporation with its corporate headquarters in Cleveland, Tennessee. Upon information, CIC was and is the parent corporation or holding company for Defendant, Check Into Cash of Arizona, Inc. ("CICA") and does transact business in the State of Arizona, including in Gila County, through CICA under the registered tradename of Check Into Cash.

7. At all times relevant, Defendant, Check Into Cash of Arizona, Inc., ("CIC") is and was an Arizona corporation. Upon information, CICA was and is a wholly owned subsidiary of CIC. Defendant CICA transacts business in the State of Arizona, including in Gila County, through under the registered tradename of Check Into Cash.

8. Upon information and belief, CICA controls the operations of CIC through uniform policies and practices as well as directions and instructions given to CIC officers and directors, some of whom are the same for both CIC and CICA, thereby making CIC and CICA joint employers of Plaintiff for purposes of this action.

9. At all relevant times, CIC and CICA were and continue to be engaged in commerce within the meaning of the FMLA, 29 U.S.C. § 2611(1) and were Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(4) and 42 U.S.C. § 2000e(b).

///

1

**FACTUAL ALLEGATIONS**

10. In or around May 2011, Plaintiff began working for CICA at its Miami, Arizona location.

11. CIC and CICA are providers sales financing and consumer financial services.

12. At all times relevant, Plaintiff was continuously employed by CIC/CICA beginning in 2011 as a full time employee and worked over 1,250 hours in each year from 2011 until the time her employment ended on March 4, 2016.

13. Plaintiff's most recent position was Manager of the Defendants' Miami, Arizona location.

14. In October 2015, Plaintiff learned she was pregnant with an anticipated delivery date in early July 2016.

15. In or around early December 2015, Plaintiff submitted a written request for approved FMLA leave to begin on July 4, 2016 and end on or about August 15, 2016 due to pregnancy and expected delivery date. This request was sent to CIC's Human Resource department in Cleveland, Tennessee. Plaintiff was advised that her FMLA leave request was approved.

16. In or around January 2016, Plaintiff advised her District Manager, Pete Davies, that she was pregnant and was intending to take time off for maternity leave. Mr. Davies reacted negatively to this information.

17. In or around the middle of February 2016, Plaintiff request additional, early FMLA leave for 2-3 days of time off because of a possible complication associated with her pregnancy. Mr. Davies again demonstrated his disapproval.

18. On March 4, 2016, Plaintiff was informed by District Manager, Pete Davies, that she was terminated falsely claiming that she had violated a company policy. Plaintiff presented evidence confirming there had been no policy violation but her termination was not rescinded.

19. Upon information and belief, Defendants' District Manager, Pete Davies,

2

did not want to deal with issues related to Plaintiff's pregnancy, planned maternity leave and the exercise of her FMLA rights and discriminated against Plaintiff and interfered with her federally protected rights by falsely accusing her of a violation of company policy so he could terminate her employment and replace her with an non-pregnant employee.

20. Despite presentation of evidence that no policy violation has occurred, Mr. Davies refused to reinstate Plaintiff to her position and communicated information to CIC and CICA that was incomplete and misleading in order to support the termination and his decision not to reinstate Plaintiff.

21. Thereafter, Plaintiff attempted to provide information to CIC and CICA's Human Resources Department that there had been no policy violation but Defendants refused to consider the information and have failed to reinstate Plaintiff.

### COUNT I
### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2601, et seq.

22. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

23. At all times relevant herein, Defendants were and are each an "employer" subject to the FMLA. Plaintiff was an "eligible employee" within the meaning of the FMLA and the regulations thereunder.

24. The FMLA, 29 U.S.C. § 2612(a), provides in relevant part:

> [A]n eligible employee shall be entitled to a total of 12 work-weeks of leave during any 12-month period for one or more of the following:
> A. Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

25. The FMLA, 26 U.S.C. § 2614, provides in relevant part:

> (a) Restoration to position
> (1) In general
> Except as provided in subsection (b) of this section, any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave--

3

> **(A)** to be restored by the employer to the position of employment held by the employee when the leave commenced; or
> **(B)** to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.
> (2) Loss of benefits
> The taking of leave under section 2612 of this title shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced.

26. Regulations under the FMLA, 29 C.F.R. §825.214(a), provide in relevant part:

> On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence.

27. The FMLA, 29 U.S.C. § 2615, further provides in relevant part:

> (1) Exercise of rights
> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
> (2) Discrimination
> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

28. Under the FMLA, Plaintiff had a right to take FMLA leave as requested and to be returned to her position as Manager of the Defendants' Miami, Arizona office or an equivalent position with equivalent benefits, pay and other terms and conditions of employment upon her scheduled return from approved FMLA leave.

29. As a result of the foregoing acts and omissions, Defendant has caused Plaintiff substantial damages, including, *inter alia*, monetary damages in the form of past and future lost earnings and other economic damages for which Plaintiff is entitled to be compensated pursuant to 29 U.S.C. §2617(a)(1)(A). In addition, Plaintiff is also entitled to recover prejudgment interest and attorney's fees and costs. Plaintiff is also entitled to such equitable relief as may be appropriate and just.

30. Defendants lacked good faith and reasonable grounds for believing that its

4

actions were not in violation of the FMLA such that Plaintiff is entitled to recover liquidated damages in accordance with 29 U.S.C. §2617(a)(1)(A)(iii).

## COUNT II
## (TITLE VII - DISCRIMINATION)

31. Plaintiff incorporates previous paragraphs by reference as if fully set forth herein.

32. 42 U.S.C. §2000e-2(a)(1) provides, in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

33. 42 U.S.C. §2000e-2(a)(1), further provides, in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex or national origin.

34. 42 U.S.C. §2000e(k) provides that:

> The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, child birth or related medical conditions; and women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work..."

35. As set forth herein, Defendants unlawfully discriminated against Plaintiff because of her sex by terminating her due to her pregnancy, anticipated childbirth and/or related medical condition.

36. By virtue of the foregoing violations of Title VII alleged herein, Plaintiff has been damaged, has suffered economic loss, emotional distress, mental anguish and is entitled to backpay, interest thereon and compensatory and punitive damages pursuant to

42 U.S.C. §1981a because Defendants engaged in the discriminatory practices complained of herein with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988(b).

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, jointly and severally, and that the Court award the following relief:

A. A declaration that Defendants have violated the Family and Medical Leave Act of 1993;

B. A declaration that Defendants have violated the Title VII of the Civil Rights Act of 1964, as amended;

C. An award of lost past and future wages, bonuses, compensation and other employee benefits;

D. An award of compensatory, punitive and liquidated damages and such equitable relief as may be appropriate plus prejudgment interest;

E. An award of attorney's fees and costs pursuant to 29 U.S.C. §2617, 42 U.S.C. §1988 and A.R.S. § 23-341.

F. Such other and further relief as the Court deems appropriate.

Dated this 30th day of May, 2017.

**MARTIN & BONNETT, P.L.L.C.**

By: s/ Daniel L. Bonnett
Daniel L. Bonnett
1850 N. Central Avenue, Suite 2010
Phoenix, AZ 85004
(602) 240-6900

*Attorney for Plaintiff*

6