**DANIEL BONNETT #014127**
**MARTIN & BONNETT, P.L.L.C.**
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

*Special Counsel for Plaintiff, Stanley J. Kartchner, Trustee*

**TOD F. SCHLEIER #004612**
**BRADLEY H. SCHLEIER #011696**
**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Tod@SchleierLaw.com
Brad@SchleierLaw.com

*Attorneys for Plaintiff, Shanissa Romero*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shanissa Romero, individually, and Stanley J. Kartchner, in his capacity as Trustee in Bankruptcy of the Estate of Shanissa Romero, Debtor,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Check Into Cash, Inc., a Delaware corporation and Check Into Cash of Arizona, Inc., an Arizona corporation,<br><br>　　　　　Defendants. | Case No.: CV-17-01656-HRH<br><br>**AMENDED COMPLAINT** |

　　　　This is an action for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*, as well as the amendments to Title VII contained in the

Pregnancy Discrimination Act of 1978.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. §§ 206(d) & 2617(a) and 42 U.S.C. §§ 2000e(k) & 2000e-5(f).

2. This Court has personal jurisdiction over Defendants. Defendants are located in Arizona, regularly transact business in Arizona, and/or have significant and continuous contact with Arizona.

3. Venue is proper under 28 U.S.C. § 1391(b). All of the acts and/or omissions giving rise to the claims occurred in this District.

4. Plaintiff, Shanissa Romero, has exhausted her administrative remedies with regard to her Pregnancy Discrimination Act and Title VII claims by virtue having timely filed a charge(s) of discrimination with the United States Equal Employment Opportunity Commission and commencing this action within ninety days of receipt of her Notice of Right to Sue. There is no administrative exhaustion requirement for FMLA claims.

## PARTIES

5. Plaintiff, Shanissa Romero, (hereinafter, "Plaintiff Romero" or Ms. Romero") is a resident of Arizona. Plaintiff Romero worked for Defendant, Check Into Cash of Arizona, Inc. between May 2011 and March 4, 2016 when she was involuntarily terminated from her employment. At all relevant times, Plaintiff Romero was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2), and 42 U.S.C. § 2000e(f).

6. Plaintiff Romero filed a bankruptcy petition in the U.S. Bankruptcy Court for the District of Arizona (Phoenix), Case No. 2:16-bk-03117-MCW on March 28, 2016 (hereinafter, the "Romero Bankruptcy Estate"). Some or all of Plaintiff Romero's claims and the damages she may recover in this action are or may be assets of the Romero Bankruptcy Estate. By virtue thereof, the Romero Bankruptcy Estate is a Real Party in Interest within the meaning of Fed. R. Civ. P. 17(a).

7. Plaintiff, Stanley J. Kartchner, (hereinafter "Plaintiff Kartchner" or "Trustee Kartchner") joins this action pursuant to Fed. R. Civ. P 19(a)(1) solely in his capacity as Trustee in Bankruptcy and on behalf of the Romero Bankruptcy Estate.

8. Plaintiff Romero and Trustee Kartchner are jointly referred to, where appropriate, as "Plaintiffs."

9. At all times relevant, Defendant, Check Into Cash, Inc., ("CIC") is and was a Delaware corporation with its corporate headquarters in Cleveland, Tennessee. Upon information, CIC was and is the parent corporation or holding company for Defendant, Check Into Cash of Arizona, Inc. ("CICA") and does transact business in the State of Arizona, including in Gila County, through CICA under the registered tradename of Check Into Cash.

10. At all times relevant, Defendant, CICA is and was an Arizona corporation. Upon information, CICA was and is a wholly owned subsidiary of CIC. Defendant CICA transacts business in the State of Arizona, including in Gila County, through under the registered tradename of Check Into Cash.

11. Upon information and belief, CIC controls the operations of CICA through uniform policies and practices as well as directions and instructions given to CICA officers and directors, some of whom are the same for both CIC and CICA, thereby making CIC and CICA joint employers of Plaintiff for purposes of this action.

12. At all relevant times, CIC and CICA were and continue to be engaged in commerce within the meaning of the FMLA, 29 U.S.C. § 2611(1) and were Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(4) and 42 U.S.C. § 2000e(b).

**FACTUAL ALLEGATIONS**

13. In or around May 2011, Plaintiff Romero began working for CICA at its Miami, Arizona location.

14. CIC and CICA are providers of sales financing and consumer financial services.

15. At all times relevant, Plaintiff Romero was continuously employed by

CIC/CICA beginning in 2011 as a full-time employee and worked over 1,250 hours in each year from 2011 until the time her employment ended on March 4, 2016.

16. Plaintiff Romero's most recent position was Manager of the Defendants' Miami, Arizona location.

17. In October 2015, Plaintiff Romero learned she was pregnant with an anticipated delivery date in early July 2016.

18. In or around early December 2015, Plaintiff Romero submitted a written request for approved FMLA leave to begin on July 4, 2016 and end on or about August 15, 2016 due to pregnancy and expected delivery date. This request was sent to CIC's Human Resource department in Cleveland, Tennessee. Plaintiff Romero was advised that her FMLA leave request was approved.

19. In or around January 2016, Plaintiff Romero advised her District Manager, Pete Davies, that she was pregnant and was intending to take time off for maternity leave. Mr. Davies reacted negatively to this information.

20. In or around the middle of February 2016, Plaintiff Romero requested additional, early FMLA leave for 2-3 days of time off because of a possible complication associated with her pregnancy. Mr. Davies again demonstrated his disapproval.

21. On March 4, 2016, Plaintiff Romero was informed by District Manager, Pete Davies, that she was terminated falsely claiming that she had violated a company policy. Plaintiff Romero presented evidence confirming there had been no policy violation but her termination was not rescinded.

22. Upon information and belief, Defendants' District Manager, Pete Davies, did not want to deal with issues related to Plaintiff Romero's pregnancy, planned maternity leave and the exercise of her FMLA rights and discriminated against Plaintiff and interfered with her federally protected rights by falsely accusing her of a violation of company policy so he could terminate her employment and replace her with a non-pregnant employee.

23. Despite presentation of evidence that no policy violation has occurred, Mr.

Davies refused to reinstate Plaintiff Romero to her position and communicated information to CIC and CICA that was incomplete and misleading in order to support the termination and his decision not to reinstate Plaintiff Romero.

24. Thereafter, Plaintiff Romero attempted to provide information to CIC and CICA's Human Resources Department that there had been no policy violation but Defendants refused to consider the information and have failed to reinstate Plaintiff Romero.

## COUNT I
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2601, et seq.

25. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as though set forth fully herein.

26. At all times relevant herein, Defendants were and are each an "employer" subject to the FMLA. Plaintiff Romero was an "eligible employee" within the meaning of the FMLA and the regulations thereunder.

27. The FMLA, 29 U.S.C. § 2612(a), provides in relevant part:

> [A]n eligible employee shall be entitled to a total of 12 work-weeks of leave during any 12-month period for one or more of the following:
> A. Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

28. The FMLA, 26 U.S.C. § 2614, provides in relevant part:

> (a) Restoration to position
> (1) In general
> Except as provided in subsection (b) of this section, any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave--
> **(A)** to be restored by the employer to the position of employment held by the employee when the leave commenced; or
> **(B)** to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.
> (2) Loss of benefits
> The taking of leave under section 2612 of this title shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced.

5

29. Regulations under the FMLA, 29 C.F.R. §825.214(a), provide in relevant part:

> On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence.

30. The FMLA, 29 U.S.C. § 2615, further provides in relevant part:

> (1) Exercise of rights
> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
> (2) Discrimination
> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

31. Under the FMLA, Plaintiff Romero had a right to take FMLA leave as requested and to be returned to her position as Manager of the Defendants' Miami, Arizona office or an equivalent position with equivalent benefits, pay and other terms and conditions of employment upon her scheduled return from approved FMLA leave.

32. As a result of the foregoing acts and omissions, Defendant has caused Plaintiff Romero substantial damages, including, *inter alia*, monetary damages in the form of past and future lost earnings and other economic damages for which Plaintiff Romero is entitled to be compensated pursuant to 29 U.S.C. §2617(a)(1)(A). Some or all of these amounts are or may be assets of the Romero Bankruptcy Estate.

33. In addition, Plaintiff Romero is also entitled to recover prejudgment interest, attorney's fees and costs and is also entitled to such equitable relief as may be appropriate and just.Defendants lacked good faith and reasonable grounds for believing that its actions were not in violation of the FMLA such that Plaintiff Romero is entitled to recover liquidated damages in accordance with 29 U.S.C. §2617(a)(1)(A)(iii).

///

///

## COUNT II
## (TITLE VII - DISCRIMINATION)

34. Plaintiffs incorporate previous paragraphs by reference as if fully set forth herein.

35. 42 U.S.C. §2000e-2(a)(1) provides, in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

36. 42 U.S.C. §2000e-2(a)(1), further provides, in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex or national origin.

37. 42 U.S.C. §2000e(k) provides that:

> The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, child birth or related medical conditions; and women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work..."

38. As set forth herein, Defendants unlawfully discriminated against Plaintiff Romero because of her sex by terminating her due to her pregnancy, anticipated childbirth and/or related medical condition.

39. By virtue of the foregoing violations of Title VII alleged herein, Plaintiff Romero has been damaged, has suffered economic loss, emotional distress, mental anguish and is entitled to backpay, interest thereon and compensatory and punitive damages pursuant to 42 U.S.C. §1981a because Defendants engaged in the unlawful discriminatory practices complained of herein with malice or with reckless indifference to Plaintiff Romero's federally protected rights. Some or all of these amounts are or may be assets of the Romero Bankruptcy Estate.

40. Plaintiff Romero is also entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988(b) as well as appropriate equitable and injunctive relief pursuant to 42 U.S.C. §2000-5(g).

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants, jointly and severally, and that the Court award the following relief:

A. A declaration that Defendants have violated the Family and Medical Leave Act of 1993;

B. A declaration that Defendants have violated the Title VII of the Civil Rights Act of 1964, as amended;

C. An award of Plaintiff Romero's lost past and future wages, bonuses, compensation and other employee benefits;

D. An award of Plaintiff Romero's compensatory, punitive and liquidated damages and such equitable and injunctive relief as may be appropriate plus prejudgment interest;

E. An award of attorney's fees and costs pursuant to 29 U.S.C. §2000e-5(k) and 42 U.S.C. §1988(b).

F. Such other and further relief as the Court deems appropriate.

Dated this 17th day of August, 2017.

**MARTIN & BONNETT, P.L.L.C.**

By: s/ Daniel L. Bonnett
Daniel L. Bonnett
4647 N. 32nd Street, Suite 185
Phoenix, AZ 85018
(602) 240-6900

*Special Counsel y for Plaintiff, StanleyJ. Kartchner, Trustee in Bankruptcy of the Estate of Shanissa Romero, Debtor*

**SCHLEIER LAW OFFICES, P.C.**

By: s/Bradley H. Schleier
　　Tod F. Schleier
　　Bradley H. Schleier
　　3101 N. Central Avenue, Suite1090
　　Phoenix, Arizona 85012
　　(602) 277-0157

*Attorneys for Plaintiff, Shanissa Romero*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM-ECF System for filing and transmittal of a Notice of Electronic filing to the following CM-ECF registrants:

>Robert K. Jones, Esq.
>Sonya K. Boun, Esq.
>Jackson Lewis P.C.
>2398 E. Camelback Road, Suite 1060
>Phoenix, AZ  85016
>
>*Attorneys for Defendants*

s/K. Pasley